**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIO LEMUS-GUZMAN,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   16-73435

Agency No. A206-358-501

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2020**

Before:      TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Mario Lemus-Guzman, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for relief under the

Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C.

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's denial of CAT relief because Lemus-Guzman failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (generalized evidence of violence and crime in petitioner's home country insufficient to meet standard for CAT relief). The record does not support Lemus-Guzman's contentions that the agency applied an incorrect legal analysis or otherwise erred in its consideration of his CAT claim.

**PETITION FOR REVIEW DENIED.**